# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1179V**

JODY CALDWELL,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: August 31, 2026

*Brian L. Cinelli, Schiffmacher Cinelli Adoff LLP, Buffalo, NY, for Petitioner.*

*Madelyn Weeks, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION AWARDING DAMAGES**[1]

On September 11, 2020, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on September 13, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 16, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. The parties negotiated, followed by damages briefing (ECF Nos. 36-75). On June 5, 2026, I issued a partial ruling on damages, in which I determined that Petitioner should be awarded $160,000.00 for actual pain and suffering, but no amount for future pain and suffering (ECF No. 78). I further found that the lost earning calculations required re-calculation consistent with the ruling. *Id*.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On August 31, 2026, Respondent filed a joint status report concerning award of compensation stating that the parties were in agreement that, consistent with findings made in the June 5, 2026 partial damages ruling, Petitioner should be awarded $3,418.91 for past lost earnings. Joint Status Report, ECF No, 82, at *2. In the status report, Respondent represented that Petitioner agrees with this award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in my June 5, 2026 partial ruling on damages (ECF No. 78) and Respondent's August 31, 2026 joint status report (ECF No. 82).

Pursuant to the terms stated in my June 5, 2026 partial ruling on damages (ECF No. 78) and Respondent's August 31, 2026 joint status report (ECF No. 82), **I award Petitioner a lump sum payment of $163,418.91 (comprised of $160,000.00 for actual pain and suffering and $3,418.91 for past lost earnings), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.